**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOMMY HILFIGER LICENSING LLC, | Case No. 20-cv-01342 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| RETAIL FASHION OUTLET, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Tommy Hilfiger Licensing LLC ("Tommy Hilfiger" or "Plaintiff") hereby brings the present action against Defendant Retail Fashion Outlet ("Defendant" or "Retail Fashion") and alleges as follows:

**I. INTRODUCTION**

1.     This action has been filed by Tommy Hilfiger to address Defendant's selling and offering for sale of unauthorized and unlicensed products using infringing and counterfeit versions of Tommy Hilfiger's federally registered trademarks (the "Counterfeit Tommy Hilfiger Products") through Defendant's Internet store at ebay.com.sg/usr/retailfashionoutlet.  Tommy Hilfiger seeks to address Defendant's infringement and counterfeiting of its registered trademarks as well as to protect unknowing consumers from purchasing low-quality Counterfeit Tommy Hilfiger Products over the Internet.  Tommy Hilfiger has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets business activities toward consumers in Illinois and causes harm to Tommy Hilfiger's business within this Judicial District.  Defendant has targeted sales from Illinois residents by operating a fully interactive and commercial Internet store that offers to sell and has sold Counterfeit Tommy Hilfiger Products to residents of Illinois, including the online store at ebay.com.sg/usr/retailfashionoutlet.  Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Tommy Hilfiger substantial injury in the State of Illinois.

## III. THE PARTIES

**Plaintiff Tommy Hilfiger**

4.    Tommy Hilfiger, along with its affiliated company Tommy Hilfiger U.S.A., Inc., designs, sources, distributes, sells, and markets throughout the United States, including Illinois, quality apparel, accessories and other products, all of which prominently display its famous, internationally-recognized and federally-registered trademarks (collectively, the "Tommy Hilfiger Branded Products").  Tommy Hilfiger Branded Products have become enormously popular and

even iconic, driven by Tommy Hilfiger's arduous quality standards and innovative design. Among the purchasing public, Tommy Hilfiger Branded Products are instantly recognizable as such.

5. Tommy Hilfiger Branded Products have been continuously sold under the Tommy Hilfiger trademarks in the United States for many years. Tommy Hilfiger Branded Products are distributed and sold to consumers through department stores, retail stores and authorized e-commerce sites throughout the United States and in Illinois, including through the official e-commerce tommy.com website launched in 2004.

6. Tommy Hilfiger incorporates a variety of distinctive marks in the design of its various Tommy Hilfiger Branded Products. As a result of this long-standing use, Tommy Hilfiger owns common law trademark rights in its trademarks. Tommy Hilfiger has also registered its trademarks with the United States Patent and Trademark Office. Tommy Hilfiger Branded Products typically include at least one of the federally registered Tommy Hilfiger trademarks. Tommy Hilfiger uses its trademarks in connection with the marketing of its Tommy Hilfiger Branded Products, including the following marks, which are collectively referred to as the "Tommy Hilfiger Trademarks."

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 1,398,612 | TOMMY HILFIGER | For: clothing for men and women: namely, shirts, pants, jackets, sweaters, shorts, belts, vests, sport jackets, coats, rain coats, parkas in class 025. |
| 1,738,410 | TOMMY HILFIGER | For: clothing for men, namely, shirts, sweaters, pants, sweatshirts, shorts, sport jackets, parkas, bathing suits, vests in class 025.<br><br>For: retail clothing store services in class 042. |

| 2,389,024 | TOMMY | For: clothing for men, women and children, namely, t-shirts, sweatshirts, sweaters, jackets, coats, jeans, and caps in class 025. |
|---|---|---|
| 2,475,142 | TOMMY | For: full line of apparel and headwear in class 025. |
| 3,164,348 | HILFIGER | For: clothing, namely, shirts, t-shirts, sweatshirts, sweaters, shorts, sweatpants, blazers, pants, jeans, suits, vests, jackets, coats, parkas, ponchos, swimwear, swim trunks, rainwear, wind resistant jackets, underwear, belts, hats, caps, scarves, boxer shorts, shoes, boots, sneakers, sandals, and gloves in class 025. |
| 1,460,988 |  | For: clothing for men and women, namely, shirts, pants, jackets, sweaters, shorts, belts, vests, sport jackets, coats, rain coats, parkas in class 025. |
| 1,727,740 |  | For: clothing for men namely, shirts, sweaters, sportcoats, pants, sweatshirts, shorts, sport jackets, raincoats, parkas, overcoats, bathing suits, vests, turtlenecks; clothing for boys, namely, shirts, sweaters, sportcoats, pants, sweatshirts, shorts, sport jackets, parkas, bathing suits, vests in class 025.<br><br>For: retail clothing store services in class 042. |
| 4,745,262 | TOMMY ⬛ HILFIGER | For: soaps; perfumery; colognes; toilet water; perfumes, fragrances for personal use; lotions for skin care; antiperspirants; deodorants for personal use in 003.<br><br>For: optical goods, namely, spectacles, spectacle glasses, sunglasses, eyeglass cases and sunglasses cases, carrying cases and holders for portable computers and mobile phones, magnetic coded cards, namely, gift cards in class 009.<br><br>For: jewelry, namely, bracelets, necklaces, rings, earrings, cufflinks, horological and chronometric instruments, namely, watches, wrist watches, straps for wrist watches in class 014.<br><br>For: all purpose sports bags and athletic bags; overnight bags; book bags; tote bags; travelling bags; backpacks; handbags; luggage; suitcases; purses; briefcases; travel |

| | | bags; duffel bags and beach bags, school bags; garment bags for travel; overnight cases, clutch bags; travel kit bags sold empty; suitcases with wheels attached; billfolds; wallets, pocket wallets, change purses, coin purses, credit card cases of leather; leather credit card wallets; name card cases; cosmetic cases sold empty; leather cases for cosmetics sold empty; umbrellas in class 018.
| | | For: fabrics and textile goods, namely, household linen, bed linen, bath linen, bed sheets, pillow shams, pillow cases, bed blankets, comforters, quilts, bedspreads, bed covers, duvet covers, duvets, dust ruffles, mattress covers, towels, bath towels, beach towels, face cloths, shower curtains, handkerchiefs in class 024.
| | | For: clothing for men, women and children and infants, namely, shirts, golf shirts, t-shirts, polo shirts, knit tops, woven tops, sweatshirts, tank tops, sweaters, blouses, jerseys, turtlenecks, shorts, sweatpants, warm-up suits, blazers, sport coats, trousers, jeans, skirts, dresses, suits, overalls, jumpers, vests, jackets, coats, raincoats, parkas, ponchos, swimwear, bikinis, swim trunks, overcoats, rainwear, wind resistant jackets, sleepwear, pajamas, bathrobes,, underwear, lingerie, boxer shorts, belts made of leather, ties; headgear, namely, hats, wool hats, caps, visors, headbands, ear muffs; scarves, shawls, cloth bibs; footwear, gym shoes, sneakers, socks, hosiery, shoes, boots, beach shoes, sandals, slippers, gloves, suspenders; layettes in class 025.
| | | For: retail department store services, online retail department store services, online retail outlet services featuring perfumery, cosmetics, clothing, footwear, headgear, textile goods, goods made of leather or imitation of leather, bags, eyewear, jewellery, watches and horological and chronometric instruments, household accessories, and home items in class 035.

7.     The above U.S. registrations for the Tommy Hilfiger Trademarks are valid, subsisting, in full force and effect, and all but one are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Tommy Hilfiger Trademarks constitute *prima facie* evidence of their

validity and of Tommy Hilfiger's exclusive right to use the Tommy Hilfiger Trademarks pursuant to 15 U.S.C. § 1057(b). Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Tommy Hilfiger Trademarks are conclusive evidence of the validity of Tommy Hilfiger's Trademarks and of the registration of the Tommy Hilfiger Trademarks, of Tommy Hilfiger's ownership of the Tommy Hilfiger Trademarks, and of Tommy Hilfiger's exclusive right to use the Tommy Hilfiger Trademarks in commerce. 15 U.S.C. §§ 1115(b), 1065. True and correct copies of the United States Registration Certificates for the above-listed Tommy Hilfiger Trademarks are attached hereto as **Exhibit 1**.

8. The Tommy Hilfiger Trademarks are exclusive to Tommy Hilfiger and are displayed extensively on Tommy Hilfiger Branded Products and in Tommy Hilfiger's marketing and promotional materials. Tommy Hilfiger Branded Products have long been among the most popular and recognizable of their kind and have been extensively promoted and advertised at great expense. In fact, Tommy Hilfiger has expended millions of dollars annually in advertising, promoting, and marketing featuring its trademarks, including the Tommy Hilfiger Trademarks. Because of these and other factors, the Tommy Hilfiger Trademarks are famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

9. The Tommy Hilfiger Trademarks are distinctive when applied to the Tommy Hilfiger Branded Products, signifying to the purchaser that the products come from Tommy Hilfiger and are manufactured to Tommy Hilfiger's quality standards. The Tommy Hilfiger Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Tommy Hilfiger Trademarks is of incalculable and inestimable value to Tommy Hilfiger.

10.    In recent years, annual sales of products bearing the Tommy Hilfiger Trademarks have totaled in the hundreds of millions of dollars within the United States.  Since at least as early as 2004, Tommy Hilfiger has operated a website where it promotes and sells genuine Tommy Hilfiger Branded Products at tommy.com.  Sales of Tommy Hilfiger Branded Products via the tommy.com website represent a significant portion of Tommy Hilfiger's business.  The tommy.com website features proprietary content, images and designs exclusive to the Tommy Hilfiger brand.  Tommy Hilfiger's innovative marketing and product designs have enabled Tommy Hilfiger to achieve widespread recognition and fame and have made the Tommy Hilfiger Trademarks some of the most well-known marks in the apparel industry.  The widespread fame, outstanding reputation, and significant goodwill associated with the Tommy Hilfiger brand have made the Tommy Hilfiger Trademarks a valuable asset of Tommy Hilfiger.

11.    Tommy Hilfiger has expended substantial time, money and other resources developing, advertising and otherwise promoting the Tommy Hilfiger Trademarks.  As a result of these efforts, members of the consuming public readily identify merchandise bearing or sold under the Tommy Hilfiger Trademarks as being quality Tommy Hilfiger Branded Products.

**Defendant Retail Fashion Outlet**

12.     Upon information and belief, Defendant ships products from 1725 W. Rosecrans Ave, Gardena, CA, 90249.

13.    Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of its fully interactive, commercial Internet store at ebay.com.sg/usr/retailfashionoutlet.  Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Counterfeit Tommy

Hilfiger Products to consumers within the State of Illinois through the ebay.com.sg/usr/retailfashionoutlet Internet store.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

14.    Defendant operates a fully interactive, commercial Internet store located at ebay.com.sg/usr/retailfashionoutlet.

15.    Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its Internet store at ebay.com.sg/usr/retailfashionoutlet bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the Tommy Hilfiger Trademarks (previously defined as the "Counterfeit Tommy Hilfiger Products").

16.    Tommy Hilfiger's investigator visited the Defendant's Internet store located at ebay.com.sg/usr/retailfashionoutlet and purchased Counterfeit Tommy Hilfiger Products.

17.    The purchased Counterfeit Tommy Hilfiger Products were shipped to Tommy Hilfiger's investigator.

18.    The purchased Counterfeit Tommy Hilfiger Products were inspected, and it was determined that each product was counterfeit and infringed the Tommy Hilfiger Trademarks.

19.    A comparison of the Tommy Hilfiger Trademarks to Defendant's Counterfeit Tommy Hilfiger Products exemplifies Defendant's counterfeiting and infringement of the Tommy Hilfiger Trademarks and is below.

| Tommy Hilfiger Trademarks | Defendant's Counterfeit Tommy Hilfiger Products |
|---|---|
| TOMMY HILFIGER (Reg. No. 1,398,612)<br><br>TOMMY HILFIGER (Reg. No. 1,738,410)<br><br>TOMMY (Reg. No. 2,389,024)<br><br>TOMMY (Reg. No. 2,475,142)<br><br>HILFIGER (Reg. No. 3,164,348)<br><br>(Reg. No. 1,460,988)<br><br>(Reg. No. 1,727,740)<br><br>(Reg. No. 4,745,262) |  |

20.    Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the Tommy Hilfiger Trademarks and the goodwill associated therewith.

21.    Defendant, without any authorization, license, or other permission from Tommy Hilfiger, has used the Tommy Hilfiger Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Tommy Hilfiger Products in the United States and Illinois over the Internet.

22.     Defendant's use of infringements and/or counterfeits of the Tommy Hilfiger Trademarks in the advertisement, distribution, offering for sale, and sale of the Counterfeit Tommy Hilfiger Products was willful.

23.     Defendant's willful use of infringements and/or counterfeits of the Tommy Hilfiger Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Tommy Hilfiger Products, including the sale of Counterfeit Tommy Hilfiger Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Tommy Hilfiger.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

24.     Tommy Hilfiger hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25.     This is a trademark infringement action against Defendant based on Defendant's unauthorized use in commerce of counterfeit imitations of Tommy Hilfiger's federally registered Tommy Hilfiger Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  Tommy Hilfiger's Tommy Hilfiger Trademarks are highly distinctive.  Consumers have come to expect the highest quality from Tommy Hilfiger Branded Products sold or marketed under the Tommy Hilfiger Trademarks.

26.     Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing infringements and/or counterfeits of the Tommy Hilfiger Trademarks without Tommy Hilfiger's permission.

27.     Tommy    Hilfiger   is   the   exclusive   owner   of   the   Tommy   Hilfiger Trademarks.  Tommy Hilfiger's United States Registrations for the Tommy Hilfiger Trademarks (**Exhibit 1**) are in full force and effect.  Upon information and belief, Defendant has knowledge of

10

Tommy Hilfiger's rights in the Tommy Hilfiger Trademarks and has willfully infringed and intentionally used counterfeits and/or infringements of the Tommy Hilfiger Trademarks. Defendant's willful, intentional and unauthorized use of the Tommy Hilfiger Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Tommy Hilfiger Products among the general public.

28.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.     Tommy Hilfiger has no adequate remedy at law, and if Defendant's actions are not enjoined, Tommy Hilfiger will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Tommy Hilfiger Trademarks.

30.     The injuries and damages sustained by Tommy Hilfiger have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Tommy Hilfiger Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31.     Tommy Hilfiger hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32.     Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Tommy Hilfiger Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Tommy Hilfiger or the origin, sponsorship, or approval of Defendant's Counterfeit Tommy Hilfiger Products by Tommy Hilfiger.

33.     By using the Tommy Hilfiger Trademarks on the Counterfeit Tommy Hilfiger Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Tommy Hilfiger Products.

34.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Tommy Hilfiger Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

35.     Tommy Hilfiger has no adequate remedy at law and, if Defendant's actions are not enjoined, Tommy Hilfiger will continue to suffer irreparable harm to its reputation and the goodwill of the Tommy Hilfiger brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

36.     Tommy Hilfiger hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

37.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its Counterfeit Tommy Hilfiger Products as those of Tommy Hilfiger, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Tommy Hilfiger Branded Products, representing that its Counterfeit Tommy Hilfiger Products have Tommy Hilfiger's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

38.     The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

39.     Tommy Hilfiger has no adequate remedy at law, and Defendant's conduct has caused Tommy Hilfiger to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Tommy Hilfiger will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Tommy Hilfiger prays for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with Defendant be temporarily, preliminarily and permanently enjoined and restrained from:

   a.  using the Tommy Hilfiger Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Tommy Hilfiger Branded Product or is not authorized by Tommy Hilfiger to be sold in connection with the Tommy Hilfiger Trademarks;

   b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Tommy Hilfiger Branded Product or any other product produced by Tommy Hilfiger, that is not Tommy Hilfiger's or not produced under the authorization, control or supervision of Tommy Hilfiger and approved by Tommy Hilfiger for sale under the Tommy Hilfiger Trademarks;

   c.  committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Tommy Hilfiger, or are sponsored by, approved by, or otherwise connected with Tommy Hilfiger;

    d.   further infringing the Tommy Hilfiger Trademarks and damaging Tommy Hilfiger's goodwill; and

    e.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Tommy Hilfiger, nor authorized by Tommy Hilfiger to be sold or offered for sale, and which bear any of Tommy Hilfiger's trademarks, including the Tommy Hilfiger Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2)  That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Tommy Hilfiger a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through e, above;

3)  That Defendant accounts for and pays to Tommy Hilfiger all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Tommy Hilfiger Trademarks, be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4)  In the alternative, that Tommy Hilfiger be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of the Tommy Hilfiger Trademarks;

5)  That Tommy Hilfiger be awarded its reasonable attorneys' fees and costs; and

6)  Award any and all other relief that this Court deems just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Tommy Hilfiger hereby demands a trial by jury as to all issues so triable.

Dated this 24th day of February 2020.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rjohnson@gbc.law

*Counsel for Tommy Hilfiger Licensing LLC*